# EXHIBIT 8
DECLARATION OF JOHN N. ZARIAN

DAVID A. KETTEL (SBN 125745)
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
E-mail: dakettel@venable.com

JAMES R. BURDETT
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
E-mail: jburdett@venable.com

Attorneys for Third-Party Subpoena Recipient
TELECOMMUNICATION SYSTEMS, INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 800 ADEPT, INC.,<br><br>                Plaintiff,<br><br>vs.<br><br>AT&T MOBILITY LLC., et al.,<br><br>                Defendants. | Case No.<br><br>**EX PARTE APPLICATION OF TELECOMMUNICATION SYSTEMS, INC. TO TRANSFER JURISDICTION OVER CERTAIN CIVIL SUBPOENAS FROM THE EASTERN DISTRICT OF TEXAS TO THE EASTERN DISTRICT OF CALIFORNIA; DECLARATION OF DAVID A. KETTEL**<br><br>[Pending Action in E.D. Tex. No. 5:07cv023] |

TeleCommunication Systems, Inc. hereby applies, ex parte, for an order transferring jurisdiction over certain civil subpoenas from the Eastern District of Texas to the Central District of California.

This application is based upon the attached memorandum of points and authorities, the

///

1

EX PARTE APPLICATION FOR ORDER
TRANSFERRING JURISDICTION
OVER CERTAIN CIVIL SUBPOENAS

1  attached declaration of David A. Kettel and exhibits thereto, and upon such further evidence as may be
2  presented at any hearing on this application.

4  Dated: August 1, 2008

DAVID A. KETTEL
VENABLE LLP

By: _____
DAVID A. KETTEL
Attorneys for Movant and Third-Party Subpoena
Recipient TeleCommunication Systems, Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

2

EX PARTE APPLICATION FOR ORDER
TRANSFERRING JURISDICTION
OVER CERTAIN CIVIL SUBPOENAS

LA: 215157/043488/259983

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On February 6, 2006, plaintiff 800 Adept, Inc. ("800 Adept") filed a civil action against AT&T Mobility LLC, Cellco Partnership, Sprint Nextel Corporation, T-Mobile USA, Inc., Nextel of California, Inc., Spring Spectrum LP, Nextel Communications of the Mid-Atlantic, Inc., Nextel of New York, Inc., Nextel South Corp., Nextel of Texas, Nextel Operations, Inc., and Nextel West Corp (hereinafter "the Texas action"). Moving party Telecommunication Systems, Inc. ("TCS") is not a party to the Texas action.

The parties to the Texas action previously entered into a protective order in the Eastern District of Texas, whereby they agreed to hold "in confidence" any information produced during discovery and designated by the parties as "CONFIDENTIAL," CONFIDENTIAL – RESTRICTED DISCLOSURE," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY." A true and correct copy of the Eastern District of Texas protective order is attached hereto as Exhibit A and incorporated herein by this reference.

800 Adept recently served TCS with a subpoena issued out of the Eastern District of California. A true and correct copy of the subpoena is attached hereto as Exhibit B and incorporated herein by this reference.

Because the protective order entered into in the Texas action does not extend to information produced by non-parties such as TCS, and in order to facilitate the taking of discovery and prompt responses to subpoenas, 800 Adept and TCS desire that jurisdiction over any subpoenas issued by 800 Adept to TCS be transferred to the Eastern District of California.

800 Adept and TCS further desire that as with the protective order in the Eastern District of Texas, 800 Adept will similarly agree to hold "in confidence" any information produced by TCS either pursuant to a subpoena, at deposition, or otherwise (including informally) if designated by the parties as "CONFIDENTIAL," CONFIDENTIAL – RESTRICTED DISCLOSURE," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

3

EX PARTE APPLICATION FOR ORDER TRANSFERRING JURISDICTION OVER CERTAIN CIVIL SUBPOENAS

LA: 215157/043488/259983

Moreover, the U.S. District Court for the Eastern District of California now has jurisdiction over any motion regarding the relevant subpoenas because Rule 45 subpoenas constitute process of the issuing court and are enforced by that same court.

TCS and 800 Adept, Inc. seek, through the opening of this Miscellaneous case and the filing of this application and attached declaration of David A. Kettel, transfer of jurisdiction on any subpoenas issued as set forth above from the Eastern District of Texas, where the Texas action is pending, to the Eastern District of California for the purpose of ensuring judicial efficiency and comity between the respective District Courts.

## II.

## ARGUMENT

Rule 45 of the Federal Rules of Civil Procedure provides that a subpoena for production or inspection, if separate from a subpoena commanding a person's attendance, must issue from the court for the district where the production or inspection is to be made.

No surprisingly, when the serving party moves for an order compelling production or inspection pursuant to the subpoena, the serving party must move the issuing court for such an order. F.R.Civ.P. 45(c) (2) (i). Similarly, when a subpoena requires disclosure of privileged or other protected matter, the issuing court may quash or modify the subpoena. F.R.Civ.P. 45(c) (3)(A). In the alternative, the issuing court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions.

Here, the parties to the Texas action, by their respective counsel, have stipulated to an order to protect the information sought by the subject subpoena from unnecessary disclosure. Specifically, the parties have stipulated and agreed, subject to the Court's approval, that certain provisions, as outlined in Exhibits A and C attached to the Declaration of David A. Kettel, shall govern the handling of certain information that parties believe is confidential.

///

4

Accordingly, the parties respectfully request that jurisdiction over certain subpoenas arising out of the Texas action be transferred to the Eastern District of California and that the proposed protective order, attached as Exhibit C to the Declaration of David A. Kettel, be ordered by this Court as requested.

Dated: August 1, 2008

DAVID A. KETTEL
VENABLE LLP

By: _____
DAVID A. KETTEL
Attorneys for Movant and Third-Party Subpoena Recipient TeleCommunication Systems, Inc.

5

EX PARTE APPLICATION FOR ORDER TRANSFERRING JURISDICTION OVER CERTAIN CIVIL SUBPOENAS

LA: 215157/043488/259983

## DECLARATION OF DAVID A. KETTEL

I, David A Kettel, declare as follows:

1. I am an attorney for third-party Telecommunication Systems, Inc. ("TCS"), who was served with a subpoena issued by plaintiff 800 Adept, Inc. in connection with a matter pending in the Eastern District of Texas entitled <u>800 Adept, Inc. vs. AT&T Mobility LLC, et al.</u>, Case Number: 5:07cv023 (hereinafter "the Texas action").

2. I am licensed to practice law before this Court, and before all of the courts of the State of California.

3. I make this declaration based on my own personal knowledge, as well as based upon my conversations with my law partner James R. Burdett. If called as a witness, I would and could competently testify thereto.

4. On February 6, 2006, plaintiff 800 Adept, Inc. ("800 Adept") filed a civil action against AT&T Mobility LLC, Cellco Partnership, Sprint Nextel Corporation, T-Mobile USA, Inc., Nextel of California, Inc., Spring Spectrum LP, Nextel Communications of the Mid-Atlantic, Inc., Nextel of New York, Inc., Nextel South Corp., Nextel of Texas, Nextel Operations, Inc., and Nextel West Corp in the Texas action. Moving party Telecommunication Systems, Inc. ("TCS") is not a party to the Texas action.

5. The parties to the Texas action previously entered into a protective order in the Eastern District of Texas, whereby they agreed to hold "in confidence" any information produced during discovery and designated by the parties as "CONFIDENTIAL," CONFIDENTIAL – RESTRICTED DISCLOSURE," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY." A true and correct copy of the Eastern District of Texas protective order is attached hereto as Exhibit A and incorporated herein by this reference.

6. 800 Adept recently served TCS with a subpoena issued out of the Eastern District of California. A true and correct copy of the subpoena is attached hereto as Exhibit B and incorporated herein by this reference.

LA: 215157/043488/259983

7. Because the protective order entered into in the Texas action does not extend to information produced by non-parties such as TCS, and in order to facilitate the taking of discovery and prompt responses to subpoenas, 800 Adept and TCS desire that jurisdiction over any subpoenas issued by 800 Adept to TCS be transferred to the Eastern District of California. 800 Adept and TCS further desire that as with the protective order in the Eastern District of Texas, 800 Adept will similarly agree to hold "in confidence" any information produced by TCS either pursuant to a subpoena, at deposition, or otherwise (including informally) if designated by the parties as "CONFIDENTIAL," CONFIDENTIAL – RESTRICTED DISCLOSURE," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY." A true and correct copy of the proposed protective order for the Eastern District of California, arising out of the subject subpoena (Exhibit B) is attached hereto as Exhibit C and incorporated herein by this reference.

8. Moreover, the U.S. District Court for the Eastern District of California now has jurisdiction over any motion regarding the relevant subpoenas because Rule 45 subpoenas constitute process of the issuing court and are enforced by that same court.

9. TCS and 800 Adept, Inc. seek, through the opening of this Miscellaneous case and the filing of the attached ex parte application and this declaration, transfer of jurisdiction on any subpoenas issued as set forth above from the Eastern District of Texas, where the Texas action is pending, to the Eastern District of California for the purpose of ensuring judicial efficiency and comity between the respective District Courts.

10. On August 1, 2008, I gave telephonic notice of this ex parte application to Phillip Sanov of the Lanier Law Firm, counsel for 800 Adept, Inc. During my telephone conversation with Mr. Sanov, Mr. Sanov informed me that 800 Adept, Inc. does not oppose this application.

7

EX PARTE APPLICATION FOR ORDER
TRANSFERRING JURISDICTION
OVER CERTAIN CIVIL SUBPOENAS

LA: 215157/043488/259983

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 1st day of August, 2008, at Los Angeles, California

David A. Kettel