# EXHIBIT 9

## DECLARATION OF JOHN N. ZARIAN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

2005 APR 15  PM 11: 20

AFTER HOURS

JEFFREY DAVID CLARK,

        Plaintiff,

    v.                        **CIVIL ACTION NO.:  2:05-CV-00412-JPS**

TELECOMMUNICATION   SYSTEMS,
INC.,

        Defendant.

---

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

Pursuant to Rules 12(b)(2), 12(b)(3), 28 U.S.C. §1404(a) of the Federal Rules of Civil Procedure. Defendant TeleCommunication Systems, Inc. ("TCS") by and through its undersigned counsel, hereby submits that the Court should dismiss this case for lack of personal jurisdiction and improper venue, or, in the alternative, transfer venue of this case to the United States District Court for the District of Maryland.

**I.**        **SUMMARY OF ARGUMENT**

TCS is headquartered in Annapolis, Maryland.  TCS has never done business in the State of Wisconsin, much less had any ongoing business with the State of Wisconsin, and has virtually no contacts with the State of Wisconsin.  Thus, TCS has not purposefully availed itself of the privilege of conducting activities within Wisconsin involving the benefits and protection of its laws, nor has TCS conducted any business transaction in Wisconsin so as to reasonably anticipate being hauled into court in Wisconsin. Thus, TCS does not have the minimum contacts within the State of Wisconsin sufficient for this Court to exercise personal jurisdiction over it consistent with the principles of due process.

Moreover, venue is improper, as TCS is not located in, nor does any business in, Wisconsin. Similarly, none of the events or omissions giving rise to Plaintiff's claim occurred in Wisconsin, as Plaintiff is complaining that TCS breached a Maryland agreement, in Maryland.

Finally, in the alternative, if this Court finds that it has personal jurisdiction over TCS and that venue is proper in this Court, the Court should transfer this action from Milwaukee to Baltimore pursuant to 28 U.S.C. §1404(a) because the relevant events that form the basis of Plaintiff's claim occurred in Maryland; Plaintiff is suing under a Maryland employment agreement and all pertinent witnesses and documents are located in Maryland.

## II. PROCEDURAL BACKGROUND

Plaintiff originally filed this action in the Circuit Court for Milwaukee County on February 16, 2005, and TCS was served on or after March 9, 2005. TCS filed a Notice of Removal in this Court on April 8, 2005.

## III. PRELIMINARY STATEMENT OF FACTS

This is no more than an action for breach of a Maryland sales commission agreement, and it does not belong in this Court. As Plaintiff's Complaint demonstrates, this action arises out of Defendant TCS' refusal to pay Plaintiff certain commissions on sales he made in Illinois in 2002, which he claims he is due pursuant to TCS' commission plan. This case has no relationship to the Eastern District of Wisconsin, with the exception that Plaintiff may currently reside in the Milwaukee area. Indeed, this Court does not have personal jurisdiction over TCS, and venue is both improper and inconvenient in this Court.

The facts relevant to this Motion are as follows:

2

- Plaintiff was hired by TCS in 2001 as traveling salesperson based out of TCS' Annapolis, **Maryland**, office. Affidavit of David Wilson ("Wilson Affid."), attached hereto, ¶ 17.

- Plaintiff's assigned territory included **Kansas, Illinois**, and **Canada** – not Wisconsin. Wilson Affid., ¶ 18.

- Plaintiff attended orientation in TCS' **Maryland** offices, regularly interacted via telephone and email with his managers in **Maryland**, attended trainings in **Maryland** and visited **Maryland** at least once every six weeks. Wilson Affid., ¶23-24.

- TCS is a corporation organized under the laws of the State of **Maryland**. Wilson Affid., ¶ 4.

- TCS maintains **no office** in Wisconsin. Wilson Affid., ¶ 5.

- TCS has **no subsidiaries** in Wisconsin. Wilson Affid., ¶ 6.

- TCS has **no officers, directors** or **employees** in Wisconsin. Wilson Affid., ¶ 7.

- TCS has **no clients** located in Wisconsin. Wilson Affid., ¶ 8.

- TCS holds **no property** in Wisconsin. Wilson Affid., ¶ 9.

- TCS is **not licensed** to do business in Wisconsin.[1] Wilson Affid., ¶ 10.

- TCS has **never advertised** its services in Wisconsin. Wilson Affid., ¶ 11.

- TCS has **never negotiated** a contract with any client located in Wisconsin. Wilson Affid., ¶ 12.

- TCS has **never contracted** with any client located in Wisconsin. Wilson Affid., ¶ 13.

- TCS has maintained **no bank accounts** in Wisconsin. Wilson Affid., ¶ 14.

- TCS currently pays **no employment taxes** in Wisconsin.[2] Wilson Affid., ¶15

---

[1] TCS recently applied for a license to do business in Wisconsin, but this license has not been granted.

[2] Solely because of Plaintiff's residence, TCS paid employment taxes in Wisconsin during the time that it employed Plaintiff.

- TCS has paid **no business taxes** in Wisconsin. Wilson Affid., ¶ 16.

In short, this suit must be dismissed because TCS has not had sufficient contact with the State of Wisconsin to make the exercise of personal jurisdiction and venue in Wisconsin appropriate.

In the alternative, Plaintiff's suit, at minimum, does not belong in Wisconsin; it belongs in Maryland, as Maryland plainly has the most contacts with this case. Plaintiff alleges that TCS breached its commission agreement by not paying him commissions provided for under the agreement, and the only count in the Complaint arises out of this single alleged failure. But any failure of TCS to pay Plaintiff occurred in Maryland, as did every other event relevant to this dispute. Therefore, because the relevant events that form the basis of Plaintiff's claim occurred in Maryland, Plaintiff is suing under a Maryland employment agreement and the majority of the necessary witnesses and documents are located in Maryland, the Court should transfer this action from Milwaukee to Baltimore pursuant to 28 U.S.C. §1404(a).

## IV.    ARGUMENT AND CITATION OF AUTHORITY

### A.    This action should be dismissed based upon lack of personal jurisdiction.

Federal Rules of Civil Procedure 12(b)(2) and (3) provide for dismissal of an action where a court lacks jurisdiction over the person and for improper venue. Due process requires that sufficient minimum contacts exist in order for a district court to exercise jurisdiction over an out-of-state defendant. A state may exercise personal jurisdiction only over those defendants who have certain minimum contacts with [the state] such that maintenance of the suit does not offend "'traditional notions of fair play and substantial justice." *See International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Before personal jurisdiction can be exercised, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum

State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Wis. Stats. § 801.05, commonly referred to as Wisconsin's long-arm statute, outlines the grounds for personal jurisdiction in Wisconsin. *See Dietrich v. Patients Compensation Fund*, 169 Wis. 2d 471, 477, 485 N.W.2d 614 (Ct. App. 1992). It is clear that TCS does not have sufficient contacts with the State of Wisconsin to make the exercise of personal jurisdiction over it appropriate.

### 1.    There is No General Jurisdiction.

Personal jurisdiction can be either "general" or "specific." As the Seventh Circuit has noted, "A state exercises 'specific jurisdiction' over a defendant when it 'exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.' ... A state exercises 'general jurisdiction' over a defendant when it 'exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum.'" *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 666 n.3 (7th Cir.1986) (citations omitted). In order to exercise general jurisdiction over a defendant, the defendant must have sufficient continuous and systematic general contacts. *Wallace v. Herron*, 778 F.2d 391 (7th Cir.1985).

TCS does not maintain offices, branches or other facilities in Wisconsin. TCS has no clients, subsidiaries or employees located in Wisconsin. TCS is not licensed to do business in Wisconsin. TCS has never had a client located in Wisconsin, has no present clients located in Wisconsin, and is not presently licensed to do business in Wisconsin. TCS has maintained no bank accounts in Wisconsin, nor has it paid any business taxes[3] there. Thus, under the well-

---

[3] Because Plaintiff is a resident of Wisconsin, TCS did pay employment taxes in Wisconsin when it employed Plaintiff. TCS does not presently pay taxes in Wisconsin. *See* Wilson Affidavit at ¶ 15.

established principles of *International Shoe*, it is clear that any exercise of personal jurisdiction over TCS by this Court would not be consistent with principles of due process.

        2.     There is No Specific Jurisdiction.

In order to establish specific jurisdiction over non-resident defendants, plaintiff must show that the defendants have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F. 3d 1272, 1277 (7ᵗʰ Cir. 1997)(quoting *International Shoe Co. v. Washington*. 326 U. S. 310, 316 (1945)). Plaintiff need only make a prima facie showing that jurisdiction exists. *See Saylor v. Dyniewski*, 836 F. 2d 341, 342 (7th Cir. 1988). A court must construe the allegations in the light most favorable to the plaintiff; all well-pleaded facts and allegations must be taken as true. *See Bontkowski v. First Nat'l Bank of Cicero*, 998 F. 2d 459, 461 (7th Cir. 1993). In deciding, the court may receive and consider affidavits from both parties. *Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 208 F. Supp. 2d 918, 922 (N. D. Ill. 2002)(citing *Kontos v. United States, Dep't of Labor*, 826 F. 2d 573, 576 (7ᵗʰ Cir. 1987). Any conflicts in the pleading and affidavits are to be resolved in the plaintiff's favor. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F. 3d 1272, 1276 (7ᵗʰ Cir. 1997).

TCS has never negotiated or entered into any contracts with any prospective clients in Wisconsin. TCS has never conducted, nor does it presently conduct, any business in Wisconsin. Moreover, Plaintiff's claims do not arise from any forum-related activity of TCS. Plaintiff has alleged that TCS has refused to pay him commissions on sales that he made to U.S. Cellular in Illinois in breach of a commission agreement entered into in the State of Maryland. The State of Wisconsin has no interest in such an attenuated cause of action. While Wisconsin has a definite interest in providing a forum for its citizens, *Zerbel v. H.L. Federman & Company*, 48 Wis.2d 54, 179 N.W.2d 872 (1970), this in itself is insufficient to sustain an exercise of personal

6

jurisdiction.    *Modern Cycle Sales, Inc. v. Burkhardt Larson Company*, 395 F.Supp. 587
(E.D.Wis.1975).  The Court therefore lacks specific jurisdiction over the defendants.  As a result,
this action must be dismissed for lack of personal jurisdiction.

Finally, subjecting TCS to jurisdiction in Wisconsin would be unreasonable.  Again, TCS
is based in Annapolis, Maryland, and has no offices, employees, or agents in Wisconsin.  In
short, TCS has had almost no contact with the state of Wisconsin, and litigating this matter in
Wisconsin would be inefficient and inconvenient.

**B.     This Action Should Be Dismissed With Respect To TCS Because Venue Is
         Improper.**

The allegations of the complaint fail to establish that venue is proper in the Eastern  District
of Wisconsin and, therefore, this complaint must be dismissed.  Fed. R. Civ. P. 12(b)(3).  The
provisions of 28 U.S.C. §1391(b) provide:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may,
> except as otherwise provided by law, be brought only in (1) a judicial district where any
> defendant resides, if all defendants reside in the same State, (2) a judicial district in which
> a substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated, or (3) a judicial
> district in which any defendant may be found, if there is no district in which the action
> may otherwise be brought.

28 U.S.C. § 1391(b).  Where venue is laid in the wrong district, the court shall dismiss, or in the
interest of justice, transfer the case to the district where it could have been brought.  28 U.S.C. §
1404(a).

Clearly, venue is improper, as TCS is not located in, nor does any business in, Wisconsin.
Similarly, none of the events or omissions giving rise to Plaintiff's "claim" occurred in
Wisconsin, as the commission agreement was entered into in Maryland, the sale at issue occurred
in Illinois, and the calculation of Plaintiff's commissions occurred in Maryland.  As stated above,
TCS's conduct is simply not enough to satisfy the due process requirements for personal

7

jurisdiction. TCS's activities in Wisconsin are neither substantial, continuous, nor regular. In
fact, TCS' only contact with Wisconsin is based on the mere happenstance that Clark resided in
Wisconsin when he was not traveling for TCS in Maryland, Illinois, Kansas or Wisconsin. The
Court therefore lacks specific jurisdiction over the defendants. Therefore, TCS cannot be found
to have been doing business in Wisconsin within the meaning of 28 U.S.C. § 1391(c) or under
the well-established principles of *International Shoe*. Thus, Wisconsin is not a proper venue for
the instant action, and this Court should dismiss the action.

## C.     At Minimum, This Case Must Be Transferred To Maryland.

TCS also moves, in the alternative, pursuant to 28 U.S.C. 1404(a), for an order
transferring the case to the United States District Court for the District of Maryland.   Where a
plaintiff files a lawsuit in a district of proper venue that is inconvenient for the defendants or
witnesses, and there is a more convenient federal district or division where the lawsuit could
have been filed, the defendants may file a motion to transfer venue under 28 U.S.C. §1404(a).
*See* 28 U.S.C. §1404(a) ("For the convenience of parties and witnesses, in the interest of justice,
a district court may transfer any civil action to any other district or division where it might have
been brought.").   This provision seeks to avoid having the parties waste precious time, energy
and money by being forced to litigate in an inconvenient forum. *Waller v. Burlington N. R.R.
Co.*, 650 F.Supp 988, 989 (N.D. Ill. 1987).   The party moving for transfer bears the burden of
demonstrating that the transferee forum is more convenient than the transferor forum. *Coffey v.
Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986). However, this burden is substantially
less than that required for transfer under the doctrine of *forum non conveniens*. *Hemstreet v.
Caere Corp.*, No.90 C 0377, 1990 U.S. Dist LEXIS 6782, at *14 (N.D. Ill June 5, 1990)
(Lindberg, J.).   Generally, a district court will grant a transfer where venue is proper in the

8

transferor court, venue is proper in the transferee court, and the other requirements of Section 1404(a) are met. *Waller*, 650 F.Supp at 990. These considerations resoundingly confirm that transfer of this action from Wisconsin to Maryland is warranted in this case.

      1.    Transfer is Proper Because this Action Could Have Been Brought in Maryland.

As a threshold matter, it is clear that this diversity action could have been brought in the United States District Court for the District of Maryland because the claim arose in Maryland, because TCS has its principal place of business in Maryland, and because Plaintiff's employment was governed by Maryland law. *See* 28 U.S.C. §1391(a). *See Decker*, 805 F2d at 842 (finding that proper venue for a breach of contract claim is the place of intended performance because the place of performance is determinable at the inception of the contract and parties can anticipate where they may be sued). *See also* Wilson Affid. at ¶ 4,17. Yet, if Plaintiff had originally brought this action in federal court rather than in state court, venue would not have been proper in Wisconsin under 28 U.S.C. §1391.[4] Indeed, as described above, had Plaintiff sought to bring this action in federal court, he would have had to bring this action in Maryland because venue is improper in Wisconsin.[5] Perhaps this is the reason Plaintiff brought this action in state court.

---

[4] Venue of removed actions is to be determined pursuant to 28 U.S.C. §1441(a), not 28 U.S.C. §1391(a). *See Burlington Northern & Santa Fe Ry. Co. v. Herzog Servs.*, 990 F.Supp. 503, 504 (N.D. Tex. 1998) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)).

[5] 28 U.S.C. §1391(a) provides: "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may...be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the event or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action my otherwise be brought*." (emphasis added).

2.      The Balance of Conveniences and Interests of Justice Strongly Favor
        Transfer of this Action to Maryland.

To prevail on a motion for transfer, the moving party must show that the balance of conveniences and justice weighs in favor of the transfer. *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000). In "balancing the preference accorded with plaintiff's choice of forum with the burden of litigating in an inconvenient forum," this Court must consider and balance certain private and public factors. *See Decker,* 805 F.2d at 843. Private factors include factors such as the convenience of the parties and material witnesses, availability of compulsory process for compelling attendance of unwilling witness, the cost of obtaining attendance of willing witnesses, the relative ease of access to sources of proof, the location where the relevant agreements were negotiated and executed, the contacts relating to the plaintiff's cause of action in the chosen forum and "other practical problems that make trial of a case easy, expeditious, and inexpensive." *See id.* (citing *Gilbert,* 330 U.S. at 508). Public factors include the relative congestion of the courts' calendars, the unfairness of burdening citizens in an unrelated forum with jury duty, and interests of justice in general. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947); *Piper Aircraft v. Reyno,* 45 U.S. 235, 241 n.6 (1981). Consideration of these private and public factors and the relevant circumstances in this action weigh in favor of transferring this case to the District of Maryland.

3.      Transfer of this Action is Justified by the Convenience of Parties and
        Material Witnesses.

TCS intends to show that Plaintiff was not entitled to the commissions he seeks because he was not primarily responsible for the sale to U.S. Cellular. The decision regarding his commissions that Plaintiff disputes was made by Plaintiff's former managers in Maryland. Thus, this case will necessarily involve an examination of the events that occurred at TCS in Maryland.

10

Furthermore, Plaintiff claims that his former manager, Patrick Sweeney, told Plaintiff "that he would be paid commission on the full value of the [U.S. Cellular] contract." *See* Plaintiff's Complaint at ¶5. Accordingly, to prove that Plaintiff's allegation is false, it will be critical to TCS to present testimony of Mr. Sweeney. Mr. Sweeney no longer works for TCS, and he cannot be compelled to appear in Wisconsin. Indeed, Mr. Sweeney, who -- by Plaintiff's own admission -- is arguably the most important witness in this case, resides and is employed in Maryland. *See* Wilson Affid. at ¶29.

Similarly, another important witness and former employee, Glen Roche, who will testify that he assisted in the renewal of the U.S. Cellular contract, also is not located in Wisconsin. *See* Wilson Affid. at ¶27. Mr. Roach lives and works in Texas. *Id.* Finally, the majority of TCS' employees and former employees familiar with the relevant facts live and work within 100 miles of the United States District court for Maryland.

Of primary importance is whether the nonparty witness are inconvenienced. *Gundle Lining and Const. Co. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163,1166 (S.D. Tex. 1994), *cited in Jarvis v. Marietta Corp.*, 1999 WL 638231 (N. D. Cal. 1999). *See also Anderson v. Thompson*, 634 F. Supp. 1201, 1207 (D. Mont. 1986). TCS expects to call as witnesses a number of individuals that Plaintiff was in contact with regarding the renewal of the U.S. Cellular contract. Among the most important of these individuals are the representatives of U.S. Cellular in Chicago, Illinois.

The balance of conveniences also weigh in favor of transfer to Baltimore to accommodate party witnesses. Most of the events giving rise to this lawsuit occurred in Maryland and the Defendants are present in that state. In Maryland, Plaintiff also will have greater access to material witnesses, documents, and other sources of evidence. Because so

11

many central witnesses are available in Maryland but cannot be compelled to testify in Wisconsin, this court should transfer this case to Maryland. *See, e.g., Capital Cabinet Corp. v. Interior Dynamics, Ltd.*, 541 F. Supp. 588 (1982) (transferring breach of contract action even though balance of convenience did not favor transfer, where central witnesses could not be compelled to testify in transferor state and transfer of venue might enable transferee court to compel his attendance).

At this time, TCS expects their party-witnesses in this litigation to include Richard Young, Jeff Valencia, Kevin Webb, and David Wilson, among others, who will testify to how the TCS commission agreement is applied, the reasons why Plaintiff was not awarded full commission on the U.S. Cellular renewal, and how Plaintiff failed to appeal the calculation of his commission in 2002-2003, as is required by the commission agreement. Each of these TCS officers and managers are in Maryland, and conducting this litigation in Milwaukee would greatly inconvenience TCS. *See* Wilson Affid. at ¶26-27. As noted by other courts:

> If the trial is held in [the Defendant's resident forum, its] executives can perform their regular duties except when actually testifying or preparing testimony. They need not neglect their regular duties for an entire day, or lose time waiting to testify, awaiting recall to the stand, or awaiting the settlement of procedural matters among the attorneys and the court. Even on days on which such a witness testifies, he can devote noncourt and evening hours to his regular work and to conferring with associates, subordinates, customers and suppliers. He can accomplish this in his familiar working place, with tools, files and help at hand.

*Triangle Inds. v. Kennecott Copper Corp.*, 325 F.Supp. 150, 152 (E.D. Pa. 1971), *citing United States v. General Motors Corp.*, 183 F. Supp. 858, 861 (S.D.N.Y. 1960). Transfer of this action to Maryland would allow TCS' management witnesses to continue performing their duties to the maximum extent possible during the discovery and litigation of this case.

12

This case has no relationship to the Eastern District of Wisconsin with the exception that Plaintiff may reside in the Milwaukee area. TCS' initial identification of witnesses reveals that no potential witness, aside from Plaintiff himself, is within this Court's subpoena powers. Indeed, given Plaintiff's status as an individual and the claims underlying this lawsuit, it is unlikely that Plaintiff intends to call any witness who resides in Wisconsin. Because bringing this action in Baltimore would be more convenient or equally convenient for party and nonparty witnesses, the balance of conveniences plainly favors transfer of this action from Milwaukee to Baltimore.

> 4. Transfer of this Action is Merited by Judicial Efficiency the Interests of Justice.

In determining whether a transfer serves the interests of justice, the court will consider whether transfer would result in prejudice or delay. *See Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 827 (S.D. Tex. 1993). A second consideration is whether judicial efficiency would be served by the transfer. *See In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 820 (3rd Cir. 1982), *cert. denied* 103 S.Ct. 801 (1982). In this case, weighing these interests strongly favors transfer from Wisconsin to Maryland.

First, transfer of this case would not result in prejudice or delay. Prejudice and delay are likely to occur when there has been extensive and complete discovery in a case and when the court is thoroughly familiar with the cause. *See e.g., W. Koerner & Assoc. v. Aspen Labs, Inc.,* 492 F.Supp. 294 (S.D. Tex. 1980). Here, discovery has not even begun in this case. Furthermore, this Court has not had time to become familiar with the issue presented. This case was originally filed in Wisconsin state court, and removed to the U.S. District Court for the Eastern District of Wisconsin in Milwaukee on April 8, 2005. This Court has thus had

13

jurisdiction of this action only for a week, and has not had time to become acquainted with the facts and legal issues at hand. Transferring the case at this point, therefore, would not result in delay or prejudice. *See, e.g., Loftin v. Maritime Overseas Corp.*, No. A94-0111-CIV, 1994 WL 793717, at *4 (D. Alaska 1994).

Bearing all of this in mind, while Plaintiff has a right to file suit in the forum of his choice, given the absence of any material connection or significant contact between Wisconsin and the events underlying the claim, Plaintiff's choice is not entitled to the weight generally accorded such a decision. *See Carolina Casualty Co. v. Data Broadcasting Corp.*, 158 F.Supp. 1044, 1048 (N. D. Cal. 2001) ("The degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint.") (quotation and citation omitted). Finally, Plaintiff's choice of Wisconsin as a forum for this dispute is not dispositive. Because a transfer of venue under §1404(a) is a less drastic procedural measure than dismissal for *forum non conveniens*, the plaintiff's choice of forum is not accorded the decisive weight it enjoys under a *forum non conveniens* analysis. *See Norwood v. Kirkpatrick*, 349 U.S. 23, 32 (1955). *See also Radio Santa Fe, Inc., v. Sena*, 687 F. Supp. 284, 287 (S.D. Tex. 1988). Because transfer of this action would not result in prejudice or delay, and because transfer to Maryland would promote judicial efficiency, the interests of justice strongly favor transferring this action to Maryland.

### 5.      Transfer of Action is Warranted by Where the Relevant Events Occurred.

In all pertinent respects, this is a Maryland case. Virtually all of the operative events which are the subject of this lawsuit occurred in and around Maryland, and that is where virtually

14

all relevant documents and witnesses may be found. The Eastern District of Wisconsin was not the site of any significant transaction or occurrence likely to have bearing on the merits of this action, and this District's sole link to the proceeding is the residence of Plaintiff. Plaintiff's claim alleges injuries that arise from TCS' refusal to pay Plaintiff certain commissions on sales that occurred in Illinois. See Cmplt. at ¶¶ 2.5, 2.6, 3.4, and 4.2. TCS' actions in this regard occurred at TCS' Maryland headquarters. *See* Wilson Affid. at ¶ 27 .

While Plaintiff has brought a cause of action under a Wisconsin statute for failure to pay wages, if this court transfers this case to Maryland, the court will not be faced with interpreting Wisconsin law because, whether this case is litigated in Wisconsin or Maryland, Wisconsin state law regarding unpaid wages and benefits does not apply in this case.[6] The "most significant contacts" test examines the contacts that each state has with the parties and events that created the conflict, in light of principles listed in Section Six of the Restatement (Second) of Conflict of Laws. *See* Restatement (Second) Conflict of Laws, §§145, 188(2) (1971). Section Six notes that public policy of the forum state, of other interested states, and the "protection of justified expectations," among other issues, should be considered. Restatement (Second) Conflict of Laws, §6 (1971).

In this case, almost every contact that Plaintiff and TCS share, relevant to this case, involves Maryland. Plaintiff's only tie to Wisconsin is that he resides there and that he worked from home from time to time for his own convenience. However, he telecommuted to the Maryland office of TCS (from many different locations), and TCS' refusal to pay him disputed commissions occurred in Maryland. The fact that Plaintiff happens to reside in Wisconsin state

---

[6] Regardless, to the extent that the Wisconsin statute does apply, the District of Maryland can easily apply this straightforward statute.

is of no significance to this case. Thus, as Wisconsin has almost no contacts with the claims in this case, plaintiff's choice of forum should be afforded less deference here. *Waller*, 650 F.Supp at 990.

Finally, no policy reason exists that suggests that Wisconsin state interests would be subverted by trying this case under Maryland law. Indeed, the states share the concern that employment relationships should be governed by the state with the most contacts to the relationship, to provide employers with certainty regarding the laws that they should follow in constructing their employment policies and rules. Finally, Plaintiff may properly bring this cause of action under a similar Maryland law, the Maryland Wage Payment and Collection Act, Md. Code, Labor & Employment § 3-501 et seq. Because the relevant events giving rise to Plaintiff's cause of action occurred in Maryland, this court should transfer the case to Maryland.

## V.   CONCLUSION

For the foregoing reasons, pursuant to Fed. R. Civ. P. 12(b)(2) and (3), Defendant TeleCommunication Systems, Inc. respectfully requests that this action be dismissed for lack of personal jurisdiction and/or improper venue. In the alternative, Defendant TeleCommunication Systems, Inc. request that this action be transferred, pursuant to 28 U.S.C. §1404(a) to the District Court for the District of Maryland.

Dated: April 15, 2005

Respectfully Submitted,

Ceron A. Davis (State Bar No. 1034137)

16

Davis Law Office
3127 West Wisconsin Avenue
Milwaukee, Wisconsin 553208
414.980.4262 (telephone)

Bruce A. White, Esq.
{Md. Bar No. 9412150275}
Vice President, General Counsel
TeleCommunication Systems, Inc.
2024 West Street
Annapolis, MD 21401
410.263.7616 (phone)
410.263.7617 (fax)

*TeleCommunication Systems, Inc.*